FILED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA,
ALEXANDRIA DIVISION

2014 AUG -7  A 8: 57

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
 )
 ) Civil Action No. 1:14CV1005
 ) LO/TCB
Plaintiff, )
 ) COMPLAINT
v. )
 ) JURY TRIAL DEMAND
Savi Technology, Inc. )
 )
Defendant. )
_____ )

NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq.* ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A, to correct unlawful employment practices on the basis of sex and to make whole Charging Party Christine Rowe. As alleged with greater particularity in Paragraphs 6-9 below, the Equal Employment Opportunity Commission ("EEOC" or "the Commission") alleges that Defendant Savi Technology, Inc. ("Savi Technology") rescinded Ms. Rowe's offer of employment after learning she had just given birth.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia.

3. Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Savi Technology has continuously been and is now a Delaware corporation doing business in the Commonwealth of Virginia in the City of Alexandria, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Savi Technology has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ms. Rowe filed a charge with the Commission alleging violations of Title VII by Defendant Savi Technology. All conditions precedent to the institution of this lawsuit are fulfilled.

7. In December 2012, Ms. Rowe applied to work as a Human Resources Director for Defendant. She interviewed by phone on January 8, 2013. During the interview, Ms. Rowe revealed she was scheduled for surgery the following day. Savi Technology expressed interest in pursuing her candidacy further, and requested she contact them when she was ready to pursue the interview process. Ms. Rowe gave birth the next day via scheduled C-section.

8. On or around January 22, 2013, Ms. Rowe attended an in-person interview. Defendant offered her the position on January 28, 2013. On January 29, 2013, she disclosed for

the first time, to Defendant's Vice President and General Counsel, who was to be her direct supervisor, that she recently gave birth and had surgery related to her pregnancy.

9. Less than 24 hours later, Defendant's Vice President and General Counsel responded to Ms. Rowe that Savi Technology was rescinding her job offer. Defendant Savi Technology has engaged in unlawful employment practices, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2, by withdrawing its offer of employment as a Director of Human Resources to Ms. Rowe upon learning she had recently given birth.

10. The unlawful employment practices complained of in Paragraph 9 were intentional.

11. The unlawful employment practices complained of in Paragraph 9 were done with malice or with reckless indifference to the federally protected rights of Ms. Rowe.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Savi Technology, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on sex;

B. Order Defendant Savi Technology to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of past and present unlawful employment practices;

C. Order Defendant Savi Technology to make whole Ms. Rowe by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and/or reinstatement;

D.  Order Defendant Savi Technology to make whole Ms. Rowe by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 9;

E.  Order Defendant Savi Technology to make whole Ms. Rowe by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in Paragraph 9, including but not limited to emotional pain, suffering, depression, inconvenience, loss of enjoyment of life, embarrassment, degradation, and humiliation;

F.  Order Defendant Savi Technology to pay Ms. Rowe punitive damages for its malicious and reckless conduct described in Paragraph 9, in amounts to be determined at trial;

G.  Grant such further relief as the Court deems necessary and proper in the public interest; and

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

DATED this the 7th day of August, 2014

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA MOROCCO
Supervisory Trial Attorney

LINDSEY A. WHITE
Trial Attorney
U.S. EEOC
10 S. Howard Street, Third Floor
Baltimore, Maryland 21201
Phone: (410) 209-2233
lindsey.white@eeoc.gov

EDWARD O. LOUGHLIN
Trial Attorney
Virginia Bar No. 70182
Office of the General Counsel
131 M. Street, NE, 5th Floor
Washington, DC 20507
Tel: (202) 663-4805
edward.loughlin@eeoc.gov